UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOULD PAPER CORPORATION,
(as successor-in-interest to Hawthorne Paper Company),

    Plaintiff,                                                             Case No. 1:03-cv-806

v                                                                                       Hon. Wendell A. Miles

CENTURY INDEMNITY COMPANY and
INSURANCE COMPANY OF NORTH AMERICA,

    Defendants.
_____/

CENTURY INDEMNITY COMPANY,

    Defendant and Third-Party Plaintiff,

v.                                                                                      Case No. 1:04-cv-175

FEDERAL INSURANCE COMPANY,

    Third-Party Defendant.
_____/

**ORDER ON MOTION OF GOULD PAPER CORPORATION
FOR LEAVE TO FILE AMENDED COMPLAINT
and
ORDER CLARIFYING PROCEDURAL STATUS
OF LEAD AND COMPANION ACTIONS**

    These consolidated diversity actions seek resolution of a dispute regarding insurance coverage for a personal injury lawsuit. In the lead case, presently captioned <u>Gould Paper Co. v. Century Indemnity Co.</u>, No. 1:03-cv-806, plaintiff Gould Paper Corporation ("Gould") has filed a motion for leave to amend its complaint (docket no. 57 in this lead case) to assert a direct cause of action against Federal Insurance Company ("Federal"), which is currently a third-party

defendant in the companion case, No. 1:04-cv-175, originally filed in the Eastern District of Pennsylvania. Neither Century Indemnity Company ("Century"), a named defendant in this lead case and third-party plaintiff against Federal in the companion case, nor Insurance Company of North America ("INA"), also a named defendant in this lead case, has filed a response opposing the motion. Federal, however, has opposed the motion (docket no. 62).

For the reasons to follow, the court both (1) grants the motion, and (2) orders the substantive consolidation of the lead and companion cases, including the dismissal of the companion case.

## **Discussion**

Fed.R.Civ.P. 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." This rule reinforces the principle that cases should be tried on their merits rather than the technicalities of the pleadings, therefore assuming a liberal policy of permitting amendments. Inge v. Rock Financial Corp., No. 03-1816, 2004 WL 2566080, at *6(6th Cir. Nov. 12, 2004). However, denial of leave to amend may be appropriate under some circumstances, which may include undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the amendment. E.g., Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002).

Federal has objected to Gould's proposed amendment on only one recognized ground: futility. Specifically, Federal argues that granting Gould leave to file an amended complaint to assert a claim against Federal would be futile because "Federal owes no coverage for the underlying lawsuit in the first instance." Federal's Response, at 2. Federal contends that it

"anticipates filing a Motion for Summary Judgment establishing a lack of coverage," and requests that the court either deny the motion to amend or "defer ruling on this motion until [the court] has decided Federal's contemplated motion for summary judgment." Id. at 3.

Generally, futility of a proposed amendment is defined with reference to whether the amended pleading would survive a motion to dismiss. E.g., Thiokol Corp., v. Department of Treasury, State of Michigan, Revenue Division, 987 F.2d 376, 383 (6th Cir. 1993); see Morse, 290 F.3d at 801 (denial of leave to amend may be sustained based on inability of amended complaint to withstand a motion to dismiss); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir. 1991) (same); Lawler v. Marshall, 898 F.2d 1196, 1200 (6th Cir. 1990) (same) (citing Neighborhood Development Co. v. Advisory Council on Historic Preservation, Dept. of Housing and Urban Development, City of Louisville, 632 F.2d 21, 23(6th Cir. 1980)). However, "this need not always be the case." Republic Nat'l Bank v. Hales, 75 F. Supp,2d 300, 308 (S.D.N.Y. 1999). "In evaluating the futility of amendment, a number of courts have held that a summary judgment standard may be applied and leave to amend denied outright should the party seeking amendment fail to satisfy that standard." Id. at 308-309 (citations omitted).

Even assuming that application of a summary judgment standard to a proposed amended pleading would be proper under some circumstances, it would seem to make no difference here, for Federal has made no showing even remotely suggesting futility under either standard. Although Federal states its intent to file a motion for summary judgment, it has not indicated when it plans to do so, and pursuant to the Case Management Order ("CMO"), no such motion need be filed before April 30, 2005. However, the court sees no need to defer ruling on Gould's motion to amend until after a time which might be months in the future. At this stage, where futility is the only grounds asserted by Federal in support of its opposition to the amendment, and

3

the futility is not immediately apparent on the face of the proposed amended pleading, the court concludes that the amendment should be permitted.

Gould's motion does serve to highlight the fact that despite earlier apparent intentions of the parties to simplify the procedural status of the two cases by "substantively consolidating" them and amending the pleadings to more accurately reflect their respective postures in the litigation, *"i.e.*, Gould as plaintiff, Century as defendant and third party plaintiff, INA as defendant, and Federal as third party defendant," Joint Status Report, ¶ XV, the pleadings still remain in something of a jumble.[1] More specifically, in response to a request by the parties, the CMO permitted the parties "to amend the pleadings to more accurately reflect the litigation posture of the parties[.]" CMO, ¶ 1. As permitted and contemplated by the CMO, Gould thereafter filed its amended pleading as a "Complaint" in this lead case. Thereafter, Century and INA filed their answer to this pleading in the lead case. However, instead of filing its counterclaim against Gould and third-party complaint against Federal in this lead case, Century instead filed its counterclaim and third-party complaint under the case number of the companion case, No. 1:04-cv-175. For its part, Federal, remaining true to the parties' stated intentions to substantively consolidate the two cases, filed its answer to the third-party complaint in this lead case, even though Federal was not yet officially a named party to this case. The combined result of these acts is that both the lead and companion actions at least nominally remain pending.

"When actions involving a common question or law or fact are pending before the court," Fed.R.Civ.P. 42(a) permits the court to, *inter alia*, "make such orders concerning the proceedings

---

[1] As of now, the two actions retain their separate identities. See Cole v. Schenley Indus., Inc., 563 F2.d 35,38 (2d Cir. 1977) (consolidation under Rule 42(a) "is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties. It does not change the rights of the parties in separate suits").

therein as may tend to avoid unnecessary costs or delay." It occurs to the court that the present procedural posture of the two substantively identical cases may generate unnecessary costs to the court, insofar as the court must maintain two open dockets for what should be one case. It also seems possible that this procedural posture may result in confusion and therefore unnecessary costs to the parties. For those reasons, the court will order that the counterclaim and third-party complaint filed by Century in companion case 1:04-cv-175 will instead be deemed filed in the lead case, 1:03-cv-806. The court will also utilize its authority to order a dismissal of case number 1:04-cv-175 without prejudice, in favor of the litigation of all claims by and between the parties in the lead case. The court concludes that this will not affect the substantive rights of the parties and will serve to promote both efficiency and justice. See Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1049 (5th Cir. 1975) (dismissal of plaintiff's case, in combination with order requiring intervention in another pending proceeding, was "analogous to the discretionary power in the court to require consolidation").

## Conclusion

For the reasons stated above, the court hereby ORDERS as follows:

1.     Gould's Motion for Leave to File Amended Complaint is GRANTED, and the amended complaint shall be deemed filed as of this date.

2.     The counterclaim and third-party complaint filed by Federal in companion case number 1:04-cv-175 shall instead be deemed filed in this lead case.

3.     Companion case number 1:04-cv-175 is dismissed without prejudice, in order that all claims by and between the parties may be litigated in this lead case.

4.	The parties, shall, in the future, utilize only case number 1:03-cv-806 in all submissions to the court.

So ordered this 22nd  day of November, 2004.

       /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge